**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF VIRGINIA**
**Lynchburg Division**

| | | |
|---|---|---|
| In re: ANDREW FISCHER and LISA FISCHER, | ) | Case No. 09-60598-LYN |
| | ) | |
| Debtors. | ) | |
| | ) | Adv. No. 09-06048 |
| ANDREW FISCHER and LISA FISCHER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| WELLS FARGO BANK, | ) | |
| | ) | |
| Defendant, | ) | |
| | ) | |

**MEMORANDUM**

This matter comes before the court on a complaint by the debtors to avoid the consensual lien of Wells Fargo Bank.

This Court has jurisdiction over this matter. 28 U.S.C. § 1334(a) & 157(a). This proceeding is a core proceeding. 28 U.S.C. § 157(b)(2)(A). This Court may enter a final order.

This memorandum shall constitute the Court's findings of fact and conclusions of law as required by Fed. R. Civ. P. 52, which is made applicable in this proceeding by Fed. R. Bankr. P. 7052.

### *Facts*

On February 25, 2009, the Debtors filed the above-styled petition. The Debtors scheduled real property commonly known as 612 Fontana Drive, Albemarle County, Virginia ("the Real Property") at a fair market value of $430,000.00. The tax-assessed value of the property is $466,500.00. Wells Fargo provided an appraisal of the property that set the as-is market value of the property at $480,000.00.

Wells Fargo Home Mortgage holds a first priority consensual lien in an amount greater than $439,000.00 but less than $440,000.00 that is secured by the Real Property. Wells Fargo Bank holds a second priority consensual lien in the approximate amount of $55,000.00.

On April 15, 2009, the Debtor filed a complaint under 11 U.S.C. § 506 seeking to avoid the lien of Wells Fargo Bank.

After due consideration, the Court valued the property at $448,000.00.

### *Discussion.*

The complaint is brought under 11 U.S.C. §§ 506(a) and 1322(b)(2) which permit a chapter 13 debtor to modify the rights of holders of claims secured by the debtor's principal residence only if all other senior liens on the property are greater than the value of the residence. See, e.g., Wright v. Commercial Credit Corp., 178 B.R. 703 (E.D.Va. 1995) and In re Zimmer, 313 F.3d 1220 (9th Cir. 2002).

Because the value of the property is greater than the first priority consensual lien on the

property, the lien cannot be avoided.

An appropriate judgment shall issue.

Upon entry of this Memorandum the Clerk shall forward a copy to Robert S. Stevens, Esq., Kristen Misleh, Esq. and the chapter 13 trustee.

Entered on this  8th  day of October, 2009.

_____
William E. Anderson
United States Bankruptcy Judge